**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY M. STEIN, | : | |
| Plaintiff | : | Civil Action No.: ______________ |
| v. | : | |
| BUCKEYE PIPE LINE SERVICES COMPANY, | : | |
| Defendant. | : | |

# COMPLAINT

Plaintiff Gregory M. Stein ("Plaintiff" or "Stein"), by and through his attorneys, Broughal & DeVito, L.L.P., brings this Complaint against Defendant Buckeye Pipe Line Services Company ("Buckeye" or "Defendant") and avers as follows:

## PARTIES

1. Plaintiff Gregory M. Stein is an adult individual residing in Coplay, Lehigh County, Pennsylvania.

2. Defendant Buckeye Pipe Line Services Company is a business entity that employed Plaintiff in Pennsylvania. Buckeye Partners, L.P. has represented to the EEOC that Plaintiff was employed by Buckeye Pipe Line Services Company rather than Buckeye Partners, L.P.

3. Defendant employed more than the minimum number of employees required for coverage under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., at all times relevant to this action.

## JURISDICTION AND VENUE

4. This action arises under the ADA, including 42 U.S.C. §§ 12112 and 12203, and the FMLA, including 29 U.S.C. § 2615. This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court also has jurisdiction over Plaintiff's ADA claims pursuant to 42 U.S.C. § 12117(a).

6. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to these claims occurred in this District and Plaintiff worked for Defendant in Lehigh County, Pennsylvania.

## ADMINISTRATIVE EXHAUSTION

7. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 530-2024-05229, alleging disability discrimination, disability-based harassment, and retaliation and requesting dual filing with the Pennsylvania Human Relations Commission.

8. On July 24, 2026, the EEOC issued a Determination and Notice of Rights notifying Plaintiff of his right to sue on the charge.

9. This action is filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Rights.

10. Plaintiff has satisfied the administrative prerequisites applicable to the ADA claims asserted in this Complaint.

## FACTUAL ALLEGATIONS

11. Plaintiff began working for Buckeye in 1997 and remained employed there until December 18, 2023.

12. Plaintiff worked in Buckeye's Information Technology function and, by 2023, held a management position. In that role he was responsible for functions that included company-wide voice communications, mobile-device management, audio/visual services, and oversight of the Information Technology Service Desk.

13. Plaintiff had a lengthy employment history with Buckeye and, before the events described below, had received annual performance evaluations. Plaintiff disputes Buckeye's later contention that his termination resulted from performance deficiencies.

14. In January 2023, James Maley became Plaintiff's direct manager. Justin Le was the Senior Director of Infrastructure and Operations.

15. Plaintiff suffers from work-related stress and anxiety and from hypertension/high blood pressure associated with stress and anxiety. These conditions substantially limited one or more major life activities when active and constituted actual disabilities and/or a record of disability within the meaning of the ADA.

16. Buckeye knew of Plaintiff's medical conditions. Plaintiff informed Human Resources and Maley about his anxiety, medications, stress, and resulting medical needs.

17. Before May 31, 2023, Plaintiff contacted Human Resources and scheduled a meeting with Human Resources representative Jon Ehrlich for May 31, 2023.

18. At the May 31, 2023 meeting, Plaintiff reported what he believed was a hostile and toxic work environment involving management and explained that the situation was negatively affecting his health.

19. Plaintiff had also complained to Maley on multiple occasions that Le was creating a toxic work environment that compromised the integrity of the team and adversely affected Plaintiff's health.

20. According to Plaintiff, Maley acknowledged Plaintiff's concerns and told him, in substance, that management would get what it wanted and would not take "no" for an answer.

21. During the May 31 meeting, Human Resources directed attention to Plaintiff's medical needs and advised him to address his health first and apply for medical leave, with Plaintiff's other workplace complaints to be addressed when he returned.

22. Plaintiff applied for medical leave. Buckeye approved Plaintiff for FMLA leave and short-term disability leave. Plaintiff's last day worked was June 30, 2023, and his leave began in early July 2023.

23. After Plaintiff's FMLA leave was approved but before his leave began, Buckeye directed Plaintiff to remove all of his property from his private office.

24. Maley told Plaintiff, in substance, that he did not like the directive but that Le had instructed him to have Plaintiff clear out his office in its entirety by the end of the day.

25. Plaintiff was not placed in another comparable office. He was instead directed to a storage cubicle or hallway work area, while his former office was provided to another employee.

26. The removal from Plaintiff's office occurred within days of approval of his medical leave and after Plaintiff had disclosed his disability-related medical issues and complained about the work environment affecting his health.

27. Buckeye's actions following Plaintiff's request for and approval of FMLA leave were knowing and intentional. Buckeye knew that Plaintiff had exercised rights protected by the FMLA when, within days of approving that leave and while Plaintiff remained at work, it directed him to completely clear his private office and relegated him to an inferior work location.

28. After Plaintiff's FMLA leave period ended, Plaintiff remained under the care of his physician and was not medically released to return to the same work circumstances.

29. Buckeye requested medical information concerning Plaintiff's limitations and possible accommodations, and Plaintiff supplied medical documentation from his treating physician.

30. The physician's certification stated, among other things, that the then-existing work environment at Buckeye was the cause of Plaintiff's stress and anxiety and that working under those circumstances placed Plaintiff's health and well-being at risk.

31. The certification also reflected that Plaintiff was not then able to return to the existing work environment and remained under medical care.

32. Plaintiff did not intend to abandon his employment. He wanted to return to work when medically able and when his disability-related limitations could be addressed.

33. Plaintiff maintained that he could have returned sooner if he were not required to report to the same managers and conditions that he had identified as causing and aggravating the disabling stress and anxiety.

34. Buckeye treated Plaintiff's physician's statements as establishing that no reasonable accommodation was possible, rather than meaningfully addressing whether changes in supervision, reporting structure, work environment, reassignment to a vacant position, additional finite leave tied to continuing treatment, or other accommodations could enable Plaintiff to resume work.

35. Buckeye also failed to address the workplace complaints that Human Resources had indicated would be addressed following Plaintiff's medical leave.

36. While Plaintiff continued treatment and supplied requested information, Buckeye did not permit him additional time to complete treatment and return to work.

37. On December 18, 2023, Buckeye terminated Plaintiff's employment.

38. Buckeye's stated rationale was that Plaintiff was unable to return to work and that his physician had indicated that Plaintiff could not safely work in the existing environment.

39. Plaintiff contends that Buckeye's asserted rationale improperly conflated his inability to work under the existing disability-aggravating conditions with an inability to perform the essential functions of his position with a reasonable accommodation.

40. Buckeye knew of Plaintiff's disability and medical-leave status before the office removal, the accommodation process, and his termination.

41. As a result of Defendant's conduct, Plaintiff lost wages and benefits and suffered other economic and non-economic damages.

## COUNT I
## ADA - DISABILITY DISCRIMINATION / WRONGFUL TERMINATION
## (42 U.S.C. § 12112)

42. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

43. Plaintiff was disabled within the meaning of the ADA, had a record of disability, and/or was regarded by Defendant as having an impairment.

44. At all relevant times when a reasonable accommodation was available, Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodation.

45. Defendant took adverse employment actions against Plaintiff, culminating in the termination of his employment.

46. Plaintiff's disability, record of disability, and/or perceived impairment was a motivating and determinative factor in Defendant's adverse treatment and termination of Plaintiff.

47. Defendant's conduct violated the ADA and caused Plaintiff damages.

WHEREFORE, Plaintiff Gregory M. Stein respectfully requests that judgment be entered in his favor and against Defendant and that the Court award him back pay, lost wages, lost benefits, and other economic losses; front pay and/or reinstatement, as appropriate; compensatory damages available for emotional distress, embarrassment, humiliation, and other non-economic harm; punitive damages; prejudgment and post-judgment interest; reasonable attorneys' fees and costs; appropriate declaratory and equitable relief; and such other relief as the Court deems just and proper.

**COUNT II**
**ADA - FAILURE TO ACCOMMODATE / INTERACTIVE PROCESS**
**(42 U.S.C. § 12112(b)(5)(A))**

48. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

49. Defendant knew that Plaintiff had disability-related limitations and knew that Plaintiff's physician attributed those limitations to the existing work environment and circumstances.

50. Plaintiff and his physician supplied sufficient information to put Defendant on notice that an accommodation was required in order for Plaintiff to return to work.

51. Reasonable accommodations potentially available included a change in reporting structure or supervisor, reassignment to an available vacant position for which Plaintiff was qualified, modification of the work environment or duties where feasible, and/or a finite additional period of leave supported by updated medical information.

52. Defendant failed to engage in a good-faith interactive process directed at identifying and evaluating such accommodations and instead treated Plaintiff's inability to return to the unchanged environment as an inability to work for Buckeye in any capacity.

53. Defendant terminated Plaintiff without providing a reasonable accommodation that would have enabled him to perform the essential functions of his position or another vacant position for which he was qualified.

54. Defendant thereby violated the ADA and caused Plaintiff damages.

WHEREFORE, Plaintiff Gregory M. Stein respectfully requests that judgment be entered in his favor and against Defendant and that the Court award him back pay, lost wages, lost benefits, and other economic losses; front pay and/or reinstatement, as appropriate; compensatory damages available for emotional distress, embarrassment, humiliation, and other non-economic harm; punitive damages; prejudgment and post-judgment interest; reasonable attorneys' fees and costs; appropriate declaratory and equitable relief; and such other relief as the Court deems just and proper.

**COUNT III**
**ADA - RETALIATION**
**(42 U.S.C. § 12203)**

55. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

56. Plaintiff engaged in activity protected by the ADA when he disclosed disability-related limitations, sought disability-related leave and accommodation, and complained to Human Resources about workplace conditions affecting his disability and health.

57. Defendant thereafter subjected Plaintiff to materially adverse actions, including removing him from his office immediately after approval of leave, failing to address his complaints and accommodation needs, and terminating his employment.

58. The timing and sequence of these acts, together with Defendant's knowledge of Plaintiff's protected activity, support an inference that the adverse actions were taken because of Plaintiff's protected activity.

59. Defendant violated the ADA's anti-retaliation provision and caused Plaintiff damages.

WHEREFORE, Plaintiff Gregory M. Stein respectfully requests that judgment be entered in his favor and against Defendant and that the Court award him back pay, lost wages, lost benefits, and other economic losses; front pay and/or reinstatement, as appropriate; compensatory damages available for emotional distress, embarrassment, humiliation, and other non-economic harm; punitive damages; prejudgment and post-judgment interest; reasonable attorneys' fees and costs; appropriate declaratory and equitable relief; and such other relief as the Court deems just and proper.

**COUNT IV**
**ADA - DISABILITY-BASED HOSTILE WORK ENVIRONMENT**
**(42 U.S.C. § 12112)**

60. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

61. Defendant knew of Plaintiff's disability, disability-related limitations, and the adverse effect that the existing work environment and management conduct were having on Plaintiff's health.

62. Plaintiff complained to Maley and Human Resources that the work environment created by management was hostile and toxic, that Le's conduct was compromising the integrity of Plaintiff's team, and that the situation was adversely affecting Plaintiff's health.

63. Rather than effectively address the conditions Plaintiff identified, Defendant directed Plaintiff, shortly after approval of his medical leave and while he was still working, to completely clear his private office and relegated him to an inferior storage-cubicle or hallway work location.

64. Defendant thereafter failed to address the workplace complaints that Human Resources had told Plaintiff would be addressed, failed to meaningfully address the disability-related effect of the existing management structure, and failed to meaningfully consider Plaintiff's request for a different reporting or supervisory structure.

65. The foregoing conduct, viewed collectively and in context, was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and to create an abusive working environment because of Plaintiff's disability and disability-related limitations.

66. Defendant knew or should have known of the disability-based hostile working environment and failed to take prompt and effective corrective action.

67. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages recoverable under the ADA.

WHEREFORE, Plaintiff Gregory M. Stein respectfully requests that judgment be entered in his favor and against Defendant and that the Court award him back pay, lost wages, lost benefits, and other economic losses; front pay and/or reinstatement, as appropriate; compensatory damages available for emotional distress, embarrassment, humiliation, and other non-economic harm; punitive damages; prejudgment and post-judgment interest; reasonable attorneys' fees and costs; appropriate declaratory and equitable relief; and such other relief as the Court deems just and proper.

## COUNT V
## FMLA - RETALIATION
## (29 U.S.C. § 2615)

68. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

69. Plaintiff was an eligible employee and Defendant was a covered employer under the FMLA.

70. Plaintiff exercised rights protected by the FMLA by requesting and taking approved FMLA leave for his serious health condition.

71. Within days of the approval of Plaintiff's FMLA leave, and before the leave began, Defendant required Plaintiff to clear his office and moved him to a materially inferior work location.

72. Defendant later terminated Plaintiff after his FMLA leave and while the parties were addressing his continuing medical restrictions.

73. The close timing of the office-clearing directive and the approval of FMLA leave, together with the subsequent course of events, supports an inference that Defendant retaliated against Plaintiff for exercising FMLA rights.

74. Defendant's conduct violated 29 U.S.C. § 2615 and caused Plaintiff damages.

WHEREFORE, Plaintiff Gregory M. Stein respectfully requests that judgment be entered in his favor and against Defendant and that the Court award him back pay, lost wages, lost benefits, and other economic losses; front pay and/or reinstatement, as appropriate; liquidated damage; prejudgment and post-judgment interest; reasonable attorneys' fees and costs; appropriate declaratory and equitable relief; and such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

**BROUGHAL & DEVITO, L.L.P.**

Date: 10/20/2026 BY: /s/John S. Harrison

**John S. Harrison, Esquire**
Attorney I.D. # 53864
**Erika A. Farkas, Esquire**
Attorney I.D. # 313686
38 W. Market Street
Bethlehem, PA 18018
Telephone No: (610) 865-3664
Facsimile No: (610) 865-0969
johnharrison@broughal-devito.com
erikafarkas@broughal-devito.com
*Attorneys for Plaintiff*